**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 12 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| THE ESTATE OF JEFFREY RANDALL; JENNIFER RANDALL, individually, as successor in interest to The Estate of Jeffrey Randall, and as Guardian Ad Litem to M. R. and C. R., <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> FIRST SOLAR, INC., a Delaware corporation; et al., <br><br> Defendants-Appellees. | No. 16-56324 <br><br> D.C. No. 5:15-cv-01066-VAP-DTB <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, Chief Judge, Presiding

Submitted February 8, 2018[**]
Pasadena, California

---

  [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  [**] The panel unanimously concludes that this case is suitable for decision without oral argument.  Fed. R. App. P. 34(a)(2).

Before: GRABER and HURWITZ, Circuit Judges, and MARBLEY,[***] District Judge.

Plaintiffs' lawyers[1] challenge the district court's decision to impose sanctions on them under Federal Rule of Civil Procedure 11. "We review the district court's decision to impose Rule 11 sanctions—and, if they are warranted, the reasonableness of the actual amount imposed—for abuse of discretion." Christian v. Mattel, Inc., 286 F.3d 1118, 1126 (9th Cir. 2002). A district court abuses its discretion if its decision to award sanctions rests on a clearly erroneous factual finding or a "materially incorrect view of the relevant law." Id. at 1126–27 (quoting Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 402 (1990)).

1. The district court did not err in finding that Plaintiffs' lawyers should

---

[***] The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

[1] Plaintiffs are named as the appellants in the notice of appeal. But the only issue on appeal is whether the district court erred by imposing sanctions on Plaintiffs' lawyers. Accordingly, the proper appellants are Plaintiffs' lawyers. Cabrera v. City of Huntington Park, 159 F.3d 374, 382 (9th Cir. 1998) (per curiam). Because it is clear from the notice of appeal that those lawyers intended to appeal the orders imposing sanctions on them, they are parties to this appeal under Federal Rule of Appellate Procedure 3(c) despite not being listed as the appellants. Retail Flooring Dealers of Am., Inc. v. Beaulieu of Am., LLC, 339 F.3d 1146, 1149 (9th Cir. 2003).

have known at least as of December 17, 2015, that this case lacked merit.[2] By that time, it should have been clear to Plaintiffs' lawyers that there was no nonfrivolous argument that Jeffrey Randall's death did not occur in the course and scope of his employment. Lefiell Mfg. Co. v. Superior Court, 175 Cal. Rptr. 3d 894, 900 (Ct. App. 2014). By continuing to advocate for Plaintiffs' tort claims after that date, Plaintiffs' lawyers violated Rule 11, and the district court did not abuse its discretion by imposing sanctions. Fed. R. Civ. P. 11(b)(2) & (3).

2. Plaintiffs' lawyers argue that the district court abused its discretion by including, as part of the sanctions imposed under Rule 11, fees incurred by Defendant's lawyers before the date on which the Stipulations With Request for Award was approved. We reject that argument because it rests on the incorrect premise that Plaintiffs' lawyers could not have known that this case lacked merit until the stipulation was approved.

**AFFIRMED.**

---

[2] It is not clear from the order granting Defendant's motion for Rule 11 sanctions whether the district court found that the signing of the Stipulations With Request for Award, standing alone, rendered continued prosecution of this case untenable. But in its order setting the amount of sanctions, the court clarified that the signing of the stipulation was merely one fact that bore on the ultimate question whether Plaintiffs' lawyers had a nonfrivolous basis for continuing to pursue this case.